## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

CAROLINE THOMAS, on behalf of herself
and all others similarly situated,

Plaintiff,

vs.

FTD, LLC,

Defendant.

Case No.

**CLASS ACTION COMPLAINT**

Plaintiff Caroline Thomas ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action complaint against Defendant FTD, LLC ("Defendant" or "FTD"). Plaintiff makes the following allegations based upon, *inter alia*, the investigation made by her counsel, and based upon information and belief, except as to those allegations specifically pertaining to Plaintiff which are based on her personal knowledge and alleges the following:

### PRELIMINARY STATEMENT

1.      This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant FTD, LLC arising from its use of deceptive addition of hidden fees which unfairly inflates the prices of floral and gift deliveries over and above the advertised prices.

2.      When consumers purchase flowers and/or gifts for delivery through FTD's website, FTD prominently advertises pricing that is drastically altered by the time the payment screen populates. On the payment screen consumers are surprised with surreptitiously added "Delivery Fee" and for some orders a "Same Day/Weekend Fee" and/or "Expedited Fee" (collectively "Fees") to their online floral and/or gift delivery.

3.      As discussed in detail herein, the assessment of these Fees is deceptive and unfair, since, a) FTD advertised one price for floral and gift deliveries, only to later disclose a higher,

1

different price later in the checkout process; and b) the Fees are in actuality simply the price of ordering flowers and/or gifts for delivery.

4.      At various stages of the ordering process, FTD's website asks consumers to input their delivery details (i.e., delivery zip code and date) to show available products and pricing. Despite this, throughout the entirety of the ordering process, FTD displays a single price for floral and/or gift *delivery*, up until the very last step. The last-minute addition of the Fees renders FTD's advertised pricing false and a classic bait-and-switch. Obscuring the total price to lure in consumers is deceptive and unfair because it "interferes with consumers' ability to price-compare and manipulates them into paying fees that are either hidden entirely or not presented until late in the transaction, after the consumer already has spent significant time selecting and finalizing a product or service plan to purchase."[1]

5.      FTD misrepresents the actual costs of purchasing floral and/or gift deliveries to consumers.

6.      Hundreds of thousands of FTD customers like Plaintiff have been assessed hidden fees for which they did not bargain.

7.      Consumers like Plaintiff reasonably understand FTD's advertised price to disclose the total cost they will pay for their floral arrangements and/or gifts and for them to be delivered.

8.      By unfairly obscuring its true costs, FTD deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true prices and fees.

9.      Plaintiff and other consumers have been damaged by FTD's misleading and deceptive conduct. Plaintiff brings her claim individually and on behalf of all similarly situated consumers who have been misled by FTD's advertisements and seeks monetary damages and, among other remedies, and an injunction to require FTD to disclose the truth to consumers about its prices at the start of the purchase process.

_____

[1] *Bringing Dark Patterns to Light*, FTC Staff Report (September 2022), available at https://www.ftc.gov/reports/bringing-dark-patterns-light

**PARTIES**

10.     Plaintiff Caroline Thomas is a resident and a citizen of Chicago, Illinois.

11.     Defendant FTD, LLC is an online floral delivery company headquartered in Chicago, Illinois. Defendant FTD provides online floral and gift deliveries throughout the United States.

**JURISDICTION AND VENUE**

12.     This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from Defendant. On information and belief, there are members of the putative class in all 50 states, as Defendant does business nationally and advertises that it delivers nationwide.

13.     This Court has personal jurisdiction over Defendant because Defendant is headquartered in and does substantial business in Illinois.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction, and because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**A.     FTD's Website Fails to Bind Users to Any Terms of Service**

15.     When a consumer selects an item for purchase on the FTD website, she then enters into a multi-step purchasing process in which she is shown screens that, in order:  (1) show her shopping cart reflecting a subtotal (without the added delivery fees or applicable tax) and require entry of contact and delivery information; and (2) require entry of payment information.

16.     During the multi-step checkout process, FTD users are never provided with FTD's terms of service; are never required to view such terms of service; and are never required to affirmatively consent to terms of service.

17.     Additionally, FTD fails to hyperlink its Terms of Service on any of the mentioned screens shown to users.

**B.      FTD Omits and Conceals Material Facts About the Costs of Floral Delivery**

18.     FTD, LLC is one of the largest online flower and gift delivery retailers in the world. It operates a website, FTD.com, which allow consumers to send flowers or gifts for delivery throughout the United States.

19.     On the homepage and each product page, consumers are prompted to search for products by providing the delivery zip code and delivery date, as shown on the next page.

20.     When a prospective customer first visits FTD's website, the homepage prominently displays a banner stating "Same Day Delivery Send Fresh Flowers" and it repeatedly advertises "SAME DAY DELIVERY" under the prices for each of its products, as shown below.



21.     After a consumer selects a product, they are required to input the delivery information (i.e. the delivery zip code and delivery date) before clicking the "ADD TO CART" button. A consumer does not need to scroll below that button to add a product to the cart. In the example below, the floral bouquet with delivery was advertised as $90.



22.     Once added to the shopping cart, consumers click "CHECKOUT" to begin the multi-step purchase process. The shopping cart reflects the product and includes the delivery information. It provides an order subtotal of $90.00 and states that the applicable sales tax will be calculated at checkout. It does not disclose that there will be additional fees for delivery or for same day, weekend, or expedited delivery.



23.     On the first page of the checkout process, consumers are prompted to input contact and additional delivery information. After entering the information, FTD displays the "Order Summary" as the subtotal, tax (to be calculated at next step), and the delivery information. In the example below, the order subtotal remained $90 for the floral bouquet.



24.     But on the final payment screen, after investing significant time on an online order, the floral delivery price changes. FTD's "Order Summary" reflected a new charge of a "Delivery Fee", which is sometimes called a "Service/Handling Fee" that ranges from $14.99-20.99. And if the delivery was for the same day or falls on a weekend, FTD tacks on an additional $2.99-$4.99 charge for "Same Day/Weekend Fee." The cost of these Fees is disclosed for the first time in the checkout process at the end of checkout, in small font. In the example below, the additional "Delivery Fee" changed the price to deliver the floral bouquet from the previously advertised $90 to an increased price of $109.99 plus applicable sales tax. Similarly, should a customer opt for same-day or weekend delivery, the "Same Day/Weekend Fee" would appear as a line item charge for the first time at this stage.



25.     In some cases, FTD charges customers of $9.99 as an "Expedited Fee" in addition to the "Delivery Fee" and "Same Day/Weekend Fee".

26.     First, because the Fees are not disclosed until the final payment screen, FTD misrepresents the cost of the floral delivery on which the consumer relies in placing an order.

27. Defendant failed to disclose these mandatory delivery charges until the final payment screen, after the consumer had invested a significant amount of time selecting and finalizing their floral delivery, inputting delivery and payment details, and had already decided to purchase the flowers. Only then, at the very last stage, were consumers finally informed of the additional "Delivery Fee" of $19.99 and/or "Same Day/Weekend Fee" of $4.99 and/or "Expedited Fee" of $9.99 in the final subtotal, despite being required to enter the delivery zip and date before FTD's website allowed the product to be added to the shopping cart.

28. While FTD's website prominently advertise that it provides "Same Day Delivery" throughout its website and under each of its products, FTD fails to disclose that consumers will have to pay an extra "Same Day/Weekend Fee", "Delivery Fee", or an "Expedited Fee" until the final page.

29. On its products page, under the advertised price and below the "ADD TO CART" button, FTD includes the following "Delivery Information":

**DELIVERY INFORMATION**

This item will be delivered by a local florist. We provide a 7-day fresh flower guarantee. See <u>Delivery Details</u>

The photos here are examples of our florist original style. The exact design and flowers in your custom bouquet will vary based on availability and the florist's interpretation of this arrangement. See <u>Substitution Policy</u>

ITEM: #SYM-6022E

30. This statement fails to notify consumers of any additional fees for delivery. Indeed, only if consumers click the hyperlink labeled "Delivery Details" at the bottom of the products page, it reveals a pop up of FTD's Delivery Policy which states among other things, that "shipping and delivery charges start as low as $19.99". But it fails to mention anything about additional fees for same day, weekend, or expedited deliveries.

31. FTD strategically buried their delivery price in a hyperlink at the bottom of the page and in small font to conceal this material information from its users and misrepresent the true cost of ordering from its website.

32. Reasonable consumers are not expected to ferret out material information, such as

mandatory fees or the true price of a product or service, by scouring every hyperlink on a website.

33.     By assessing additional fees for delivery to all floral arrangement orders placed on FTD's website, the advertised price for any specific floral arrangement for delivery is false.

34.     By unfairly obscuring the true price to consumers, FTD deceives consumers and gains an unfair upper hand on competitors that fairly and transparently disclose their mandatory fees. Indeed, other major online flower delivery providers in the U.S. do not assess fees outside of those properly disclosed at the outset of a consumer's order.

30.     In short, the disclosed item cost on FTD's website is not accurate.  The *actual* cost for flower delivery is the listed subtotal *plus* the "Delivery Fee" and for some orders the "Same Day/Weekend Fee" and "Expedited Fee" that FTD deceptively adds late in the ordering process.

31.     FTD does not inform consumers the true costs of its floral delivery service and it misrepresents the price of any given floral delivery, when in fact those costs are actually higher.

32.     Moreover, the additional fees assessed are never reasonably disclosed to consumers until it shows up on the final page of checkout as a line item in their order summary—after the purchase process is largely complete. This process fails to provide an adequate advance warning to customers that additional, mandatory fees will be imposed on their purchases.

33.     Further, these hidden fees are not truly a "Delivery Fee" or a shipping cost. These Fees are actually the true price of having ordering flowers or gifts for delivery. Consumers order from Defendant because they want to purchase flowers or gifts for delivery. Defendant does not even offer an option for pickup. Its entire business model is premised on providing a delivery service.

34.     Many consumers do not notice these fees are being added to their order. And others still notice the previously undisclosed fees but decide to go through with the purchase anyway because they have already invested substantial time and effort inputting their information into FTD's system. So, it doesn't make sense to start over and research whether there is a way to avoid these fees. The deceptive checkout practice has done its job and diverted the sale to FTD.

35.     Further, because Defendant waited until the end of the checkout process to disclose the true price, it is difficult for consumers to accurately compare floral delivery prices across other online flower delivery providers. Not only does this frustrate comparison shopping, but this drip pricing also impeded competition and led consumers to pay more for their floral deliveries than they otherwise would have.

36.     This is a classic case of "Drip pricing". "Drip pricing" works because as research has shown, "our brains tend to fix on the price we first encountered even after we learn the total cost. And even when consumers learn about the hidden fees, they often pay up rather than shop around . . .  because they figure that 'investing more time into searching for it will not be worthwhile.'"[2]

37.     By unfairly obscuring its delivery charges to consumers, FTD deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true charges.

**D.      The Additional Delivery Fees Are Junk Fees That Violate Federal Guidance**

38.     FTD's fees are precisely the type of "Junk Fees" that has come under government scrutiny in recent years:

> Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system.

The White House, *The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition*, March 5, 2024, available at https://www.whitehouse.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/#_ftnref3.

39.     As the Federal Trade Commission said recently in its effort to combat Junk Fees:

---

[2] Santul Narkar, *It's a Great Deal, Before the 'Drip Pricing'*, New York Times, available at https://www.nytimes.com/interactive/2024/02/23/business/what-is-drip-pricing.html    (quoting Professor David Friedman of Willamette University).

> [M]any consumers said that sellers often do not advertise the total amount they will have to pay and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged.

Fed. Trade Comm'n, *FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees*, October 11, 2023, available at https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

40.     In its 2013 publication ".com Disclosures: How to Make Effective Disclosures in Digital Advertising, the FTC makes clear that when advertising and selling are combined on a website, and the consumer will be completing the transaction online, the disclosures should be provided before the consumer makes the decision to buy – for example, before the consumer "add[s] to shopping cart." *See* Fed. Trade Comm'n, *How to Make Effective Disclosures in Digital Advertising* at ii, 14 (Mar. 2013), available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

41.     Defendant violates federal guidance by adding the "Delivery Fee", "Expedited Fee" and "Same Day/Weekend Fee" as line items well after the consumer "add[s] to shopping cart", and by failing to disclose the nature of these fees and whether consumers are getting any benefit at all from the fees charged.

**E.     Plaintiff Thomas's Experience**

42.     Plaintiff Thomas used the FTD website to place a floral arrangement delivery order on September 29, 2022.

43.     When using the website, Plaintiff was repeatedly informed that her floral delivery cart total was $69.99. Throughout FTD's website, "SAME DAY DELIVERY" was prominently advertised but FTD never disclosed that orders placed for same day delivery would incur additional charges. Plaintiff relied on these advertisements to make her purchase.

12

44.     However, Plaintiff's purchase included a mandatory "Service/Handling Fee"[3] amounting to $14.99, a "Same Day/Weekend Fee" of $2.99, and an "Expedited Fee" of $9.99 that were all tacked on to Plaintiff's order at the final checkout page. In sum, FTD charged Plaintiff an additional $27.97 in hidden fees that she did not bargain for.

45.     Plaintiff would not have made the purchase if she had known that FTD would tack on additional fees.

46.     If she had known the true cost of her order, she would have chosen another merchant for ordering her floral arrangement or chosen not to purchase from FTD.

**APPLICATION OF ILLINOIS LAW NATIONWIDE**

47.     The application of Illinois law as the substantive basis for relief for Defendant's violations of the rights of Plaintiff and each of the members of the proposed nationwide classes is appropriate because Illinois retains the most significant relationship to Defendant's deceptive fee scheme and the parties.

48.     Defendant's principal place of business is in Illinois, which is also where Defendant's deceptive scheme was developed and emanated from.

49.     The late-added, hidden Fees Defendant charged consumers in its deceptive pricing scheme were designed and developed in Illinois.

50.     Illinois has a strong interest in regulating the conduct of companies headquartered in Illinois, particularly when they engage in deception on a systematic and national level.

51.     The application of Illinois law to a national class will not present any difficulty or run afoul of any other state's interest in the issues raised by this litigation, which present simple matters related to the claims of consumer fraud, unjust enrichment, and violation of the rights of Plaintiff and other of FTD's customers.

**CLASS ALLEGATIONS**

52.     Plaintiff brings this action on behalf of herself and a Class of similarly situated

---

[3] As noted before, the "Delivery Fee" is sometimes called a "Service/Handling Fee."

persons. The Classes are defined as follows:

> **Nationwide Delivery Fee Class:** All consumers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered floral arrangements and/or other products for delivery through FTD.com, and were assessed a so-called "Delivery Fee" or "Service/Handling Fee".

> **Nationwide Same Day/Weekend Fee Class:** All consumers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered floral arrangements and/or other products for delivery through FTD.com, and were assessed a so-called "Same Day Fee" or "Same Day/Weekend Fee".

> **Nationwide Expedited Fee Class:** All consumers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered floral arrangements and/or other products for delivery through FTD.com, and were assessed a so-called "Expedited Fee".

53.     In addition to the proposed nationwide Classes, Plaintiff also brings this action on behalf of Illinois Subclasses.

54.     The Deliver Fee Class, the Same Day/Weekend Fee Class, the Expedited Fee Class, and the Illinois Subclasses shall be collectively referred to as the "Classes."

55.     Excluded from the Classes are, Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

56.     **Numerosity**:  At this time, Plaintiff does not know the exact size of the Classes; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the thousands, and thus are so numerous that joinder of all members is impractical.  The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

57.     **Commonality**:  There are questions of law or fact common to the Classes, which include, but are not limited to the following:

a.      Whether during the class period, Defendant deceptively represented its Fees for orders on FTD.com;

b.      Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

c.      Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

d.      Whether Defendant's alleged conduct constitutes violations of the laws asserted;

e.      Whether Plaintiff and members of the Classes were harmed by Defendant's misrepresentations;

f.      Whether Plaintiff and the Classes have been damaged, and if so, the proper measure of damages; and

g.      Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent the amount for orders on FTD.com.

58.     **Typicality**:  Like Plaintiff, many other consumers ordered floral arrangements and/or other gifts for delivery from FTD's website, believing that the price reflected throughout the check-out process  represented the total Plaintiff and other consumers would pay for their order. Plaintiff's claims are typical of the claims of the Classes because Plaintiff and each Class member was injured by Defendant's false representations about the true price of FTD's floral arrangements and gift delivery service. Plaintiff and the Classes have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiff's claims and the claims of members of the Class emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Classes, and, therefore, class treatment is appropriate.

59.     **Adequacy of Representation**:  Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in prosecuting and resolving consumer class

actions. Plaintiff will fairly and adequately represent the interests of the Classes and does not have any interests adverse to those of the Class.

60. **The Proposed Classes Satisfy Prerequisites for Injunctive Relief**. Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive and equitable relief with respect to the Classes as a whole. Plaintiff remains interested in ordering floral arrangements and/or other gifts for delivery through FTD's website; there is no way for them to know when or if Defendant will cease deceptively misrepresenting the cost of delivery.

61. Specifically, Defendant should be ordered to disclose the true costs of its floral and gift deliveries.

62. Defendant's ongoing and systematic practices make declaratory relief with respect to the Classes appropriate.

63. **The Proposed Classes Satisfy the Prerequisites for Damages**. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Unjust Enrichment**
**(On Behalf of Plaintiff, the Nationwide Classes, and Illinois Subclass)**

64. Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1 through 63 as if fully set forth herein.

65. To the detriment of Plaintiff and the Classes, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

66. Plaintiff and the Classes conferred a benefit on Defendant when they paid

Defendant the Delivery Fee, Same Day/Weekend Fees, and/or Expedited Fees which they did not agree to and could not reasonably avoid.

67.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

68.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

69.     Plaintiff and the Classes, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

**SECOND CLAIM FOR RELIEF**
**Illinois Consumer Fraud and Deceptive Business Practices Act,**
**§ 815 ILCS 505, *et seq.***
**(On Behalf of Plaintiff, the Nationwide Classes, and Illinois Subclass)**

70.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 63 as if fully set forth herein.

71.     Plaintiff brings this claim against Defendant under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq.*, on behalf of herself and the Nationwide Classes and Illinois Subclasses.

72.     FTD, LLC is a "person" as defined by 815 ILCS § 505/1(c).

73.     Plaintiff, as well as each member of the Classes, are both a "person" as defined by 815 ILCD § 505/1(c) as well as actual or potential "consumer[s]" of the products and services offered by Defendant, or are successors in interest to actual persons or consumers as defined by 815 ILCS § 505/1.

74.     The circumstances that relate to the transactions giving rise to this claim occurred primarily and substantially in Illinois because FTD caused to be disseminated throughout the state of Illinois through advertising, marketing, and other publications, statements that were deceptive and misleading, and which it knew were untrue and misleading.

17

75.     FTD's course of conduct involved trade or commerce, as its actions were taken in the course of its business in Illinois.

76.     FTD's conduct was unfair and deceptive in that FTD used and employed deception, fraud, false promises, and misrepresentations about the nature of its promotions.

77.     FTD's conduct was also unfair and deceptive in that FTD used and employed concealment, suppression, and omission of material facts as to the nature of their promotion.

78.     FTD's conduct was unlawful. FTD's conduct violated Illinois law because its advertisements represent that its promotion contains characteristics that it does not have. FTD misrepresented the price of floral and/or gift deliveries advertised on their website.

79.     FTD advertised its products with the intent not to sell its services as advertised.

80.     FTD's advertisements created a likelihood of confusion and misunderstanding among consumers.

81.     FTD's misrepresentations were material because they were likely to deceive reasonable consumers about the true price of  its delivery service, inducing them into spending money and place orders for floral arrangements and/or gift deliveries on its website. These misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.

82.     FTD intended to mislead Plaintiff and the other class members and induced them to rely on its misrepresentations and omissions.

83.     Had Plaintiff and the other class members known the truth about FTD's offer terms, they would not have purchased floral arrangements on FTD's website.

84.     As a direct and proximate result of FTD's unfair and deceptive practices, Plaintiff and the Classes suffered injuries in the form of monetary losses when they improperly charged

fees for orders they placed in reliance on FTD's advertised price offerings.

85.     The above unfair and deceptive practices and acts by FTD were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and the class that they could not reasonably avoid.

86.     FTD knew or should have known that its misrepresentations and omissions would deceive Plaintiff and the Class. FTD's actions in engaging in the above-named unfair practices and deceptive acts were willful, intention, and/or done with reckless indifference with respect to the rights of Plaintiff and the Classes.

87.     FTD's conduct has caused and is causing immediate and irreparable injury to Plaintiff and the Classes and will continue to both damage Plaintiff and the Classes and deceive the public unless enjoined by this Court.

88.     Plaintiff and the Classes seek relief under the Illinois Consumer Protection and Deceptive Business Practices Act, including (but not limited to) actual damages, compensatory damages, statutory damages, restitution, penalties, injunctive relief, punitive damages, and/or attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Classes seek an Order:

1.     Certifying the proposed Classes;

2.     Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

3.     Declaring the Defendant has committed the violations of law alleged herein;

4.     Providing for any and all injunctive relief the Court deems appropriate;

5.     Awarding statutory damages in the maximum amount for which the law provides;

6.      Awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

7.      Providing for any and all equitable monetary relief the Court deems appropriate;

8.      Awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

9.      Awarding Plaintiff her reasonable costs and expenses of suit, including attorneys' fees;

10.     Awarding pre- and post-judgment interest to the extent the law allows; and

11.     Providing such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.


Dated: March 25, 2025                          Respectfully submitted,


                                               */s/ Andrew J. Shamis*
                                               Andrew J. Shamis (SBN 6337427)
                                               Edwin E. Elliott
                                               **SHAMIS & GENTILE, P.A.**
                                               14 NE 1st Avenue, Suite 705
                                               Miami, Florida 33132
                                               Phone: 305-479-2299
                                               ashamis@shamisgentile.com
                                               edwine@shamisgentile.com

                                               Scott Edelsberg
                                               **EDELSBERG LAW, P.A.**
                                               20900 NE 30th Ave., Suite 417
                                               Aventura, FL 33180
                                               Phone: 786-289-9471
                                               scott@edelsberglaw.com

                                               Jeffrey D. Kaliel
                                               **KALIEL GOLD PLLC**
                                               jkaliel@kalielpllc.com
                                               1100 15th Street NW, 4th Floor
                                               Washington, D.C. 20005

Telephone: (202) 350-4783

Sophia Goren Gold
**KALIEL GOLD PLLC**
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

*Counsel for Plaintiff and Proposed Class*